631 F.2d 597
 24 Fair Empl.Prac.Cas. 324,
24 Empl. Prac. Dec. P 31,311
Caroline S. CAMPBELL, Appellant,
v.
Louis RAMSAY; Diane Nolan; Jacqueline Douglas; Bradley D.
Jesson; George R. Shankle; Charles E. Kemp and Raymond P.
Miller, Ind. and as Members of the Board of Trustees of the
University of Arkansas; Charles E. Bishop, Ind. and as
President of the University of Arkansas and G. Robert Ross,
Ind. and as Chancellor of the University of Arkansas at
Little Rock, Appellees.
 No. 80-1188.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 13, 1980.
Decided Oct. 21, 1980.
 
 John T. Lavey, argued, John L. Burnett, Little Rock, Ark., for appellant.
 David A. Stewart, argued, Fayetteville, Ark., Nelwyn Davis, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Caroline S. Campbell appeals from a judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing with prejudice her Title VII sex discrimination action against the University of Arkansas at Little Rock, Arkansas. For reversal appellant argues that the district court erred in dismissing her disparate treatment claim and finding that although the university's employment requirement had a disparate impact on women, the employment requirement was justified by business necessity. For the reasons discussed below, we affirm, 484 F.Supp. 190, on the basis of the district court's well-reasoned memorandum opinion.
 
 
 2
 Appellant was hired as a mathematics instructor by the university for one-year appointments from 1969-1975. In April, 1974, the university informed appellant that she would not be reappointed for the 1975-1976 term. The parties agreed, and the district court found, that the stated reason for appellant's nonreappointment was her lack of a Ph.D. degree in mathematics. Appellant has a master's degree in mathematics.
 
 
 3
 Appellant attacked the university's action under both a disparate treatment and a disparate impact theory. The district court thoroughly analyzed appellant's arguments. The district court concluded that appellant successfully made a prima facie case of disparate treatment but failed to establish that the university's "legitimate, nondiscriminatory reason" for her nonreappointment, that is, her lack of a Ph.D. degree, was merely pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The district court further found that although the Ph.D. degree requirement did have a disparate impact on women as a class, the university established by a preponderance of the evidence that the requirement of a Ph.D. degree in mathematics is a business necessity. As noted by the district court, a Ph.D. degree is a recognized indication of specialization and scholarship within the academic community.
 
 
 4
 We have carefully reviewed the record and the memorandum opinion of the district court and find no merit in appellant's allegations. 8th Cir. R. 14.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Richard S. Arnold, United States District Judge for the Eastern District of Arkansas